DEVIN DERHAM-BURK #104353
CHAPTER 13 STANDING TRUSTEE
P O Box 50013
San Jose, CA 95150-0013

Telephone: (408) 354-4413
Facsimile:  (408) 354-5513

Trustee for Debtor(s)

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA - DIVISION 5

| | |
|---|---|
| In re:<br><br>JOHN M FEJES,<br><br><br><br><br><br><br>               Debtor(s) | Chapter 13<br>Case No.  22-50440 HLB<br><br>FOURTH AMENDED TRUSTEE'S OBJECTION TO CONFIRMATION WITH CERTIFICATE OF SERVICE<br><br>Confirmation Hearing Date: N/A - Trustee's Pending List<br>Place: Telephonic or Video Only<br><br>Judge:  Hannah L. Blumenstiel |

Devin Derham-Burk, Trustee in the above matter, objects to the Confirmation of this Plan for the following reasons:

1. The Trustee is unable to determine whether the plan meets the feasibility test in 11 U.S.C. §1325(a)(6) because the plan payments substantially increase during the pendency of the case. The Trustee requests that the debtors file a declaration, signed under penalty of perjury, which explains how the increased plan payments will be funded.

2. In order to perform her duties under 11 U.S.C. §1302(c) (incorporating duties under 11 U.S.C. §1106(a)(3)), the Trustee requests the debtor provide a profit and loss statement for the debtor's business for the six months prior to filing.

3. In order to perform her duties under 11 U.S.C. §1302(c) (incorporating duties under 11 U.S.C. §1106(a)(3)), the Trustee requests the debtor provide a copy of the most recent payroll tax return for Debtor's business.

4. In order to perform her duties under 11 U.S.C. §1302(c) (incorporating duties under 11 U.S.C. §1106(a)(3)), the Trustee requests the debtor provide a copy of the 2021 federal and state tax returns for John Fejes MD, Inc.

5. The Plan is not feasible pursuant to 11 U.S.C. §1325(a)(6) because the Debtor is proposing to pay approximately $172,980.00 and this is not enough money to pay all scheduled and/or filed secured, priority, administrative, and any general unsecured claims plus trustee's fees. As of the date of this objection and based on the Trustee's review of scheduled and filed claims, the Debtor would need to pay $515,400.00. **This amount can change *daily* because it is derived from many variables including the amounts stated on filed claims, changing treatment of claims in amended plans, objections to claims, additional attorney's fees and changing trustee's fees. The actual amount of money needed to complete the plan cannot be determined until after the plan is confirmed and all claims are filed and allowed. The Trustee is providing the above number to assist the Debtor in understanding why the plan is not feasible at this time. The number does not represent an actual payoff for the case and cannot be relied upon for any purpose other than to demonstrate lack of feasibility.** *Note: Debtor lists tax withholdings of $16,483.73 on Line 16 of Form 122C-2 when it appears the correct tax withholding should be $10,078.99 pursuant to his 2021 tax returns.*

6. There appears to be a violation of Section 1325(b)(1)(B) in that there is disposable income available to unsecured creditors. General unsecured creditors are to receive $321,248.05 due to disposable monthly income. In order to ensure compliance with 11 U.S.C. §1325(b)(1)(B), an Amended Plan must be filed to modify the language to Section 7.02 to identify the amount paid to "Class 7 claimants shall receive an aggregate dividend of $321,248.05 which shall be shared pro-rata."

7. The Trustee is unable to determine if the plan meets the liquidation test in 11 U.S.C. §1325(a)(4) and requests that the Debtor provide her with a copy of whatever evidence the Debtor used to determine the $460,000.00 value of the real property located at 101 E Wedgewood Drive, Yorktown, VA, 23693, listed on Schedule A/B.

8. The Trustee is unable to determine whether the plan complies with 11 U.S.C. §1325(a)(4) until such time as the Debtor resolves the concerns outlined in the Trustee's Objection to Claimed Exemptions.

Dated: September 13, 2022    /S/ Devin Derham-Burk
    _____
    Chapter 13 Trustee

# CERTIFICATE OF SERVICE BY MAIL

I declare that I am over the age of 18 years, not a party to the within case; my business address is 105 Cooper Court, Los Gatos, California 95032. I served a copy of the within Trustee's Objection to Confirmation by placing same in an envelope in the U.S. Mail at Los Gatos, California on September 13, 2022.

Said envelopes were addressed as follows:

| JOHN M FEJES | GUENTHER MILLER LAW GROUP |
| --- | --- |
| 2 UPPER RAGSDALE DR BLDG B280 | 601 S MAIN ST |
| MONTEREY, CA 93940 | SALINAS CA 93901 |

/S/ Lesley M. Pace
_____
Office of Devin Derham-Burk, Trustee

Trustee's Objection to Confirmation – 22-50440 HLB